UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

-------------------------------------------

JOE L. IVEY, JR.,

      PRO SE' PLAINTIFF



CIVIL ACTION NO. 1:21-cv-684 (LEK/CFH)

(1) WRONGFUL TERMINATION
(2) CIVIL RIGHTS COMPLAINT

PURSUANT TO 42 U.S.C. §1983

(3) EMPLOYMENT HARASSMENT
(4) EMPLOYMENT RETALIATION
(5) EMPLOYMENT DISCRIMINATION
(6) ABUSE OF INVESTIGATION PROCESS
(7) *CONTINUATION re: Ivey v. County of Albany, et. Al. 1:20-CV-1617

Jury Demand

V.

CITY OF ALBANY, THE PALACE THEATRE INC.,

THE PALACE THEATRE,

THE PALACE THEATRE HUMAN RESOURCE DEPARTMENT,

SUSAN ROSCOE FOGARTY, BILL O'DONNELL,

"WE" DOE, NEW YORK STATE DIVISON OF HUMAN RIGHTS;

All within entity, government, personal and/or

Professional capacities.

      DEFENDANTS.

## FACTS

1* Mr. Joe L. Ivey, Jr. is not a lawyer- he is a Pro Se' Plaintiff before This Honorable Court.

2* Pro Se' Plaintiff Mr. Ivey received a termination notification from The Defendants via postal mailing.

3* PRIOR to receiving a termination notification, Pro Se' Plaintiff Ivey continued to reach out to The Defendants' for a meeting, in regards to receiving harassment, intimidation action from another employee.

4* AFTER Pro Se' Plaintiff Ivey several requests to obtain a meeting, regarding harassment, intimidation actions, Pro Se' Plaintiff Ivey received a termination notification via postal mailing

5* Pro Se' Plaintiff Ivey, is (1) African/Black-American, (2) Male, and (3) Over Age of 40.

6* Currently, The Defendants have NOT indicated that any employees of The Defendants (not similar to the specifics of Pro Se' Plaintiff Ivey's category) has:

7* The New York State of Division of Human Rights failed to dual filed Pro Se' Plaintiff Ivey's complaint with United States Equal Employment Opportunity Commission.

8* Pro Se' Plaintiff Ivey eventually discovered that there may've been close personal and/or professional ties (of Defendants'), with parties involved with ***Ivey v. County of Albany, et. Al. 1:20-CV-1617***

## 1* CAUSE OF ACTION: **WRONGFUL TERMINATION**

1A* On or about June 13th 2019, Pro Se' Plaintiff Mr. Ivey received a termination notification from The Defendants via postal mailing. The notification was signed by The Defendants' **Susan Fogarty, Executive Director**.

1B* The notification indicated "We had a meeting".

1C* The notification did not have a cc: to anyone, department or agency (including NOT identifying "We").

1D" The notification provided a phone number to call.

1E* The notification was accompanied with a **New York State Department of Labor Unemployment Insurance Assistance form(s).**

## 2* CAUSE OF ACTION: **HARASSMENT**

2A* PRIOR to receiving a termination notification on or about June 13th 2019, Pro Se' Plaintiff Ivey continued to reach out to The Defendants' **Bill O'Donnell** for a meeting in regards to receiving harassment, intimidation action from another employee **Susan/Sue Geary**.

2B* Pro Se' Plaintiff Ivey received such action(s) from The Defendant(s) other employee Geary, for Pro Se' Plaintiff Ivey doing his job duties as expected.

2C* Pro Se' Plaintiff Ivey asked for several meetings to discuss the matter. Defendants' O'Donnell expressed "I'll handle it".

## 3* CAUSE OF ACTION: **RETALIATION**

3A* AFTER Pro Se' Plaintiff Ivey several requests to obtain a meeting with Bill O'Donnell, regarding harassment, intimidation actions from The Defendants Geary, Pro Se' Plaintiff Ivey received a termination notification via postal mailing, accompanied with a New York State Department of Labor Unemployment Insurance Assistance form(s), on or about June 13th 2019.

3B* Pro Se' Plaintiff Ivey eventually discovered that there may've been close personal and/or professional ties (of Defendants' O'Donnell, Geary, and other Defendants), with parties involved with **_Ivey v. County of Albany, et. Al. 1:20-CV-1617_**

3C* _Ivey v. County of Albany, et. Al. 1:20-CV-1617_ involves claims of employment retaliation, harassment and discrimination.

Such case involves similar-situated employment duties, and background requirements to have such employment duties.

Such case is in action before This Honorable Court per "CFH/LEK".

3D.i* Per **U.S. EEOC Retaliation - Making it Personal-**

"A manager may not fire, demote, harass or otherwise "retaliate" against an individual for filing a complaint of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination... It is obvious that the cause and effect of interpersonal conflicts can potentially implicate a legal process. This is particularly apparent with retaliation law because the legal standard requires an examination of the behavior after the allegation." > https://www.eeoc.gov/retaliation-making-it-personal

3D.ii* Per U.S. EEOC **What Can Be Done?**

"While it may be difficult not to take an EEO allegation personally, managers should take a step back to consider their reactions in these situations. As seen in the earlier case examples, a negative change of behavior toward an employee after an EEO allegation can be perceived as retaliatory."

3E* Per U.S. EEOC **Harassment**

"Harassment is a form of employment discrimination that violates Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA)... Anti-discrimination laws also prohibit harassment against individuals in retaliation for filing a discrimination charge, testifying, or participating in any way in an investigation, proceeding, or lawsuit under these laws... The harasser can be the victim's supervisor, a supervisor in another area, an agent of the employer, a co-worker, or a non-employee."

## 4* CAUSE OF ACTION: **DISCRIMINATION**

4A.i* Pro Se' Plaintiff Ivey, is (1) African/Black-American, (2) Male, and (3) Over Age of 40.

4A.ii* Currently, The Defendants have NOT indicated that any employees of The Defendants (not similar to the specifics of Pro Se' Plaintiff Ivey's category) has:

(1a) received a termination notification, (1b) with no "cc:", (1c) with no specific of identifying "We", (1d) on a day off, (1e) via postal mail, (1f) included with a phone number to call, and (1g) a New York State Department of Labor Unemployment Insurance Assistance form(s).

4A.iii* The Defendants indicated on The Defendant character organization chart (enclosed with this complaint) are currently not recognized as (1) African/Black-American, (2) Male, and (3) Over Age of 40.

## 5* CAUSE OF ACTION: **ABUSE OF PROCESS**

5A* Pro Se' Plaintiff Ivey filed a complaint with **New York State Division of Human Rights** against The Defendant(s).

5B.i* The New York State of Division of Human Rights failed to dual filed Pro Se' Plaintiff Ivey's complaint with **United States Equal Employment Opportunity Commission**.

5B.ii* Per NYSDHR **Frequently Asked Questions:**

Q. CAN I FILE A COMPLAINT WITH BOTH A FEDERAL AGENCY AND THE DIVISION?

A. The U. S. Equal Employment Opportunity Commission (better known as the EEOC) enforces federal anti-discrimination laws in the area of employment… Although the federal laws and the Human Rights Law offer slightly different protections in the area of employment and housing, some complaints of employment discrimination and/or housing discrimination may be covered by both federal law and the state law. If this is true in your situation, you can protect all your rights by filing one complaint with the Division. > https://dhr.ny.gov/faq

5B.iii* Per U.S. EEOC **Filing A Charge of Discrimination:**

With A State or Local Agency

Many states and local jurisdictions have their own anti-discrimination laws, and agencies responsible for enforcing those laws (Fair Employment Practices Agencies, or FEPAs). If you file a charge with a FEPA, it will automatically be "dual-filed" with EEOC if federal laws apply. You do not need to file with both agencies. > https://www.eeoc.gov/filing-charge-discrimination

5B.iv* Per U.S. EEOC **How to File a Charge of Employment Discrimination**

At a State or Local Fair Employment Practice Agency

Many states and localities have agencies that enforce laws prohibiting employment discrimination. EEOC refers to these agencies as Fair Employment Practices Agencies (FEPAs). EEOC and some FEPAs have worksharing agreements in place to prevent the duplication of effort in charge processing. According to these agreements, if you file a charge with either EEOC or a FEPA, the charge also will be automatically filed with the other agency. This process, which is defined as dual filing, helps to protect charging party rights under both federal and state or local law.

5B.v* Per U.S. EEOC **DISMISSALS FOR ABUSE OF PROCESS**

1. Definition and purpose

"The Commission defines "abuse of process" as a clear pattern of misuse of the EEO process for ends other than that which it was designed to accomplish... because of the strong policy of preserving a complainant's EEO rights whenever possible." > https://www.eeoc.gov/federal-sector/dismissals-abuse-process

5C* Per a similar-situated case in action before This Court **Ivey v. County of Albany, et. Al. 1:20-CV-1617;** The Defendant of this case- The New York State Division of Human Rights- dual filed Pro Se' Plaintiff Ivey's employment discrimination complaint.

5D* The Defendant(s) Bill O'Donnell has publicly displayed that he (1) Works at NYS Department of State Albany, New York (2) Works at Place Theatre Albany, New York.

## CONCLUSION:

Pro Se' Plaintiff Ivey was simply looking for a part-time job to supplement his income.

Pro Se' Plaintiff Ivey did not engage or not wish to have other job venues issues shadow his employment privilege to be an employee at The Albany Palace Theatre (even if other employees wish that for themselves or upon other employees).

Pro Se' Plaintiff Ivey learned that his ordeal with The Defendants, per "prima facie", has consistent solid elements of "concert pre-textual" intent developed by The Defendants as time went on.

## PRAYER FOR RELIEF:

WHEREFORE, Pro Se' Plaintiff Ivey requests that this Honorable Court grant the following relief combined:

1* 1 year salary of each: Susan Fogarty, Bill O'Donnell, AND "We" - (per the Defendants termination notification),

2* 7 years pay x 20 hours x per week x 52 weeks at amount of Pro Se' Plaintiff Ivey hourly payment with The Defendants.

3* Up to $300K per Remedies For Employment Discrimination, US. EEOC > https://www.eeoc.gov/remedies-employment-discrimination

4* The option for Pro Se' Plaintiff Ivey to update remedy sought as the case continues further into litigation.

I declare under penalty of perjury that the foregoing is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 11th DAY OF June 2021

DATED: *[signature: George L. Pappis]*

JOE L. IVEY, JR.
*[signature: Joe L. Ivey]*
SIGNATURE: 8/16/2022

GEORGE L. PAPPIS
Notary Public, State of New York
Qualified in Albany County
License #01PA4868830
Commission Expires 8/16/2022

```
                    ┌──────────────────┐
                    │  CITY OF ALBANY  │
                    └────────┬─────────┘
                             │
                    ┌────────┴──────────┐
                    │ THE PALACE THEATRE INC. │
                    └────────┬──────────┘
                             │
                    ┌────────┴─────────┐
                    │ THE PALACE THEATRE │
                    └────────┬─────────┘
                             │
                  ████████████████████████
                  █ SUSAN ROSCOE FOGARTY █
                  ████████████████████████
                             │
                      ████████████████
                      █ BILLY PISKUTZ █
                      ████████████████
```

- DYLAN NEARY
- LARKIN NIKOLAUS
- BILL O'DONNELL
  - 1* IRA WOREN
  - 2* SUE GEARY
  - suegeary123@

"WE HAD A MEETING"

JOE L. IVEY, JR.

U.S. E.E.O.C.

NYS D.H.R.

JOHN W. GEARY

Timesunion123@gmail.com

IVEY vs. County of Albany, Times Union Center, et.al.