UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOE L. IVEY, JR.,

                        Plaintiff,

      -against-                              1:21-CV-0684 (LEK/CFH)

CITY OF ALBANY, *et al.*,

                        Defendants.

_____

## <u>MEMORANDUM-DECISION AND ORDER</u>

## I.      INTRODUCTION

On June 11, 2021, pro se Plaintiff Joe L. Ivey, Jr., commenced this civil action in this Court. Dkt. No. 1 ("Complaint"). On July 2, 2021, Plaintiff filed an amended complaint. Dkt. No. 13 ("Amended Complaint"). Plaintiff brings several claims against: the City of Albany ("City of Albany" or "City"); Palace Performing Arts Center, Inc.; the Palace Theatre; Susan Roscoe Fogarty; Bill O'Donnell; the New York State Division of Human Rights ("NYSDHR"); and Victor P. DeAmelia (collectively, "Defendants"). <u>Id.</u> at 1.

NYSDHR and DeAmalia filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and pursuant to Rule 12(b)(6) for failure to state a claim. Dkt. No. 46 ("NYSDHR and DeAmelia Motion to Dismiss"). Palace Performing Arts Center, Inc., the Palace Theatre, O'Donnell, and Fogarty (collectively, "Palace Defendants"), filed a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) failure to state a claim. Dkt. No. 48 ("Palace Defendants' Motion to Dismiss"). Plaintiff filed a response to address both the NYSDHR and DeAmelia Motion to Dismiss and the Palace Motion to Dismiss.

Dkt. No. 49 ("Plaintiff's Response to Motions to Dismiss"). Palace Defendants filed a reply. Dkt.

No. 51 ("Palace Reply"). The City of Albany filed a motion for judgment on the pleadings

pursuant to Rule 12(c). Dkt. No. 50 ("City Motion for Judgment"). Plaintiff filed a response to

the City of Albany's Motion for Judgment on the Pleadings. Dkt. No. 55 ("Plaintiff's Response

to Motion for Judgment").

## II.    BACKGROUND

The factual allegations of this action derive from Plaintiff's Amended Complaint.[1]

Plaintiff "received a termination notification from [t]he Defendants via postal mailing[,]" Am.

Compl. ¶ 2, [o]n or about" June 13, 2019, id. ¶ 1A. It appears that Plaintiff refers to Fogarty, who

signed the termination notification, id., O'Donnell, who Plaintiff said he attempted to contact

"for a meeting in regards to receiving harassment and intimidation action from another employee

Susan/Sue Geary," id. ¶ 2A (emphasis removed),[2] as well as the Palace Theatre, as indicated by

Plaintiff's statement that "O'Donnell has publicly displayed that he . . . [w]orks at Palace Theatre

Albany, New York," id. ¶ 5D.[3] According to Plaintiff, before he received the termination notice

he "continued to reach out to" Fogarty, O'Donnell, and the Palace Theatre "in regards to

receiving harassment, [and] intimidation action from another employee." Id. ¶ 3. After Plaintiff

---

[1] Plaintiff sets forth a more detailed recitation of the facts in his Response to the Motions to Dismiss. Resp. to Mots. to Dismiss at 2–8. However, "papers in response to a motion to dismiss cannot cure a defect in the pleadings." GMAC Mortg. Corp. v. Weisman, No. 95-CV-9869, 1997 U.S. Dist. LEXIS 2042, at *10 (S.D.N.Y. Feb. 27, 1997). For this reason, the Court will rely on Plaintiff's Amended Complaint in its discussion of the background of this case.

[2] Based on the parties named by Plaintiff in his Amended Complaint, Am. Compl. at 1, and the case caption, Plaintiff has not brought suit against Geary in this case.

[3] Plaintiff's Amended Complaint does not clarify the relationship between the Palace Theatre and Palace Performing Arts Center, Inc. See generally Am. Compl. Plaintiff's Response to the Motions to Dismiss indicates that they are somehow related. See, e.g., Resp. to Mots. to Dismiss ¶ 2.

lodged "several requests to obtain a meeting, regarding harassing and intimidation action(s)," he "received a termination notification with un-employment attachments via postal mailing." Id. ¶ 4.

According to Plaintiff, he "is (1) African/Black American, (2) . . . Male, and (3) . . . Over Age of 40." Id. ¶ 5. Plaintiff states that Palace Defendants "have NOT indicated or provided information that any employees of [t]he Defendan(s) (WHO ARE NOT/WERE NOT similar to the specifics of [p]ro [s]e[] Plaintiff Ivey's category of African/Black-American, . . . Male, . . . and/or Over Age of 40) has received such specific employment treatment; or if such specific employment treatment is a common, documented, established, formal, informed protocol of Defendant(s)." Id. ¶ 6.

Plaintiff also indicates that "[t]he New York State Division of Human Rights failed to dual file[] [p]ro [s]e[] Plaintiff Ivey's complaint with United States Equal Employment Opportunity Commission [("EEOC")] per it[]s promoted protocol."[4]

Construed liberally, Plaintiff seeks to bring: (1) wrongful termination claims against Palace Defendants; (2) abuse of process claims against the NYSDHR and DeAmalia; (3) civil rights claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the NYSDHR and DeAmalia for violation of Plaintiff's procedural due process rights under the Fourteenth Amendment; (4) a Section 1983 claim for municipal liability, as set forth in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), against the City of Albany; (5) employment discrimination claims under 42 U.S.C. § 1981 ("Section 1981") against Palace Defendants; (6) civil rights

---

[4] Plaintiff refers to a separate case pending before this court, Case No. 20-CV-1617, and asserts that he "eventually discovered that there may've been close personal and/or professional ties (of Defendants[]), with other parties involved" in that case. Am. Compl ¶ 8. However, it is unclear which parties in that case Plaintiff is referring to, or any other facts or claims that would be relevant to this specific case.

conspiracy claims pursuant to 42 U.S.C. § 1985(c) ("Section 1985(c)") against Palace

Defendants, the NYSDHR, and DeAmalia; (7) 42 U.S.C. § 1986 ("Section 1986") claims against

the NYSDHR and DeAmalia for neglect to prevent conspiracy; (8) employment discrimination

on the basis of race, hostile work environment on the basis of racial discrimination, and

retaliation on the basis of race claims pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, *et seq.*, against Palace Defendants; (9) employment discrimination on the basis

of age claims pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

U.S.C. § 621, *et seq.*, against Palace Defendants; (10) employment discrimination on the basis of

sex claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, against Palace Defendants and; (11)

employment discrimination on the basis of race, age, and sex pursuant to New York State

Human Rights Law ("NYSHRL") N.Y. Exec. Law. § 290, *et seq.*, against Palace Defendants.

## III.    LEGAL STANDARD

Because Plaintiff is pro se, the Court is required to "read [his or her] supporting papers

liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v.

Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "But the liberal treatment afforded to pro se litigants

does not exempt a pro se party 'from compliance with relevant rules of procedural and

substantive law.'" Bell v. Jendell, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quoting Maisonet

v. Metro. Hosp. & Health Hosp. Corp., 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)).

## IV.    DISCUSSION

### A.  NYSDHR and DeAmelia Motion to Dismiss

Local Rule 7.1(b)(1) states: "When serving a *pro se* litigant with a memorandum of law

or any other paper which contains citations to authorities that are unpublished or published

exclusively on electronic databases, counsel shall include a hard copy of those authorities." L.R.

7.1(b)(1) (emphasis in original). NYSDHR and DeAmalia both include numerous citations to unpublished cases throughout portions of their Memorandum of Law in the NYSDHR and DeAmelia Motion to Dismiss. Dkt. No. 46-2 at 2–6 ("NYSDHR and DeAmelia Memorandum of Law"). Because nothing in the NYSDHR and DeAmelia Motion to Dismiss indicates that the NYSDHR and DeAmalia included hard copies of the unpublished cases cited in their Motion, as explicitly required by Local Rule 7.1(b)(1), the Court denies without prejudice the NYSDHR and DeAmelia Motion to Dismiss for failure to comply with the Local Rules. See U.S. Bank Tr., N.A. v. Monroe, No. 15-CV-1480, 2017 U.S. Dist. LEXIS 32874, at *13 (N.D.N.Y. Mar. 8, 2017) (Kahn, J.) ("The Court may deny a motion because of the moving party's failure to comply with the Local Rules."); Walsh v. Caliber Home Loans, Inc., No. 19-CV-08966, 2021 U.S. Dist. LEXIS 6544, at *2 (S.D.N.Y. Jan. 13, 2021) ("Failure to comply with the Local Rules is sufficient ground to warrant denial of a motion.").

**B. City of Albany Motion for Judgment on the Pleadings**

The City of Albany also included a citation to an unpublished case in its Memorandum of Law in support of its Motion for Judgment on the Pleadings. Dkt. No. 50-3 at i, 1 ("City Memorandum of Law"). Because nothing in the City's Motion for Judgment on the Pleadings indicates that the City of Albany included a hard copy of the unpublished case cited in its Motion, as explicitly required by Local Rule 7.1(b)(1), the Court denies without prejudice the City's Motion for Judgment on the Pleadings for failure to comply with the Local Rules. See U.S. Bank Tr., 2017 U.S. Dist. LEXIS 32874, at *13; Walsh, 2021 U.S. Dist. LEXIS 6544, at *2.

### C.  Palace Motion to Dismiss[5]

> *1.  Palace Defendants' 12(b)(1) Defense*

"When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011). "[U]nder . . . Rule 12(b)(1) . . . 'the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff.'" Id. (quoting Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997)). "When considering a motion to dismiss, courts are generally limited to examining the sufficiency of the pleadings, but where a party challenges the court's subject matter jurisdiction, 'the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings.'" Bobrowsky, 777 F. Supp. 2d at 703 (quoting Flores v. S. Peru Copper Corp., 414 F.3d 233, 255 n.30 (2d Cir. 2003)). However, a court "is not invariably required to consider such evidence." Harty v. West Point Realty, Inc., 28 4th 435, 441 (2d Cir. 2022). "It is only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside

---

[5] Palace Defendants did not originally include "proof of service on all the parties," as required by Local Rule 7.1(b), when they first filed their Motion to Dismiss on September 30, 2021. See generally Palace Mot. to Dismiss. However, the Palace Defendants sought to cure this deficiency on the same day—September 30, 2021—by filing a Declaration of Service indicating service by mail upon Plaintiff. Dkt. No. 48. In this Declaration of Service, Palace Defendants stated that they served "[p]ursuant to Local Rule 7.1(b)(1), copies of the unpublished decisions, or decisions published exclusively on electronic databases, in Zeitlin v. Palumbo, Williams v. City of New York, Torres v. City of New York, Roddini v. City of New York, Moore v. Verizon, Kirkweg v. New York Dept of Educ., Humphries v. City Univ. of N.Y., and Ahmad v. White Plains City Sch. Dist.. [sic], Young America's Foundation v. Stenger and Kwon v. Yun." Id. Because Palace Defendants complied with the Local Rules, the Court will assess the merits of their Motion to Dismiss.

the pleadings, such as affidavits.'" Id. (quoting Tandon v. Captain's Cove Marina of Bridgeport,

Inc., 752 F.3d 239, 243 (2d Cir. 2014)). "The party asserting jurisdiction, in this case Plaintiff,

has the burden of showing by a preponderance of the evidence that the Court has jurisdiction."

Bobrowsky, 777 F. Supp. 2d at 703 (citing APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003)).

### a.  Plaintiff's NYSHRL and EEOC Claims

Palace Defendants argue that Plaintiff is barred from bringing suit under the NYSHRL

because he elected to file a complaint with the NYSDHR. Dkt. No. 47-4 at 10–11 ("Palace

Defendants' Memorandum of Law"). Palace Defendants also argue that the Court "lacks

jurisdiction over Plaintiff's claim because it appears he never filed a complaint with the Equal

Employment Opportunity Commission . . . ." Id. at 11.

The NYSDHR and EEOC have a work-sharing agreement, wherein filing a complaint

with one agency means the complaint is also filed with the other agency. Mejia v. New York

City Health & Hosps. Corp., No. 13-CV-2432, 2014 U.S Dist. LEXIS 69715, at *4 (S.D.N.Y.

May 19, 2014) ("Mejia filed a verified complaint with the New York State Division of Human

Rights (SDHR) alleging [Defendant] discriminated against her on the basis of disability in

violation of . . . the New York State Human Rights Law (NYSHRL). Under a work sharing

agreement between the agencies, Mejia's complaint was also filed with the U.S. Equal

Employment Opportunity Commission." (citations omitted)); cf. Nixon v. TWC Admin. LLC,

No. 16-CV-6456, 2017 U.S. Dist. LEXIS 160175, at *7 (S.D.N.Y. Sept. 27, 2017) ("[I]n the

State context, pursuant to a work-sharing agreement between the New York State Department of

Human Rights ('SDHR') and the EEOC, charges filed with the EEOC are automatically

considered dual-filed with the State—namely, with the SDHR"). "[U]nder the Worksharing

Agreement between the EEOC and the [New York State] Division [of Human Rights], an

administrative claim is technically pending before both the EEOC and the Division." <u>Betterson v. HSBC Bank, USA, N.A.</u>, 139 F. Supp. 3d 572, 596 (W.D.N.Y. 2015).

Plaintiff repeatedly points to the work-sharing agreement between the NYSDHR and the EEOC, by emphasizing that the NYSDHR "failed to dual file" his complaint with the EEOC "per it[]s promoted protocol." Am. Compl. at 2; Pl.'s Resp. to Mots. to Dismiss at 4 (emphasizing that the NYSDHR "**intentionally <u>did not dual-file AND did not obtain a federal charge number</u>** for Pro Se[] Plaintiff Ivey's complaint per *'work-share agreement'*; <u>OR</u> share [t]he Defendant's Determination And Order After Investigation dated **<u>October 30th 2020</u>** investigations papers/notes with **United States Equal Employment Opportunity Commission**" (emphasis in original)). Both Plaintiff and Palace Defendants refer to the "DETERMINATION AND ORDER AFTER INVESTIGATION" issued by the NYSDHR and included by the Palace Defendants in their Motion to Dismiss, Dkt. No. 47-3, that stated "[t]he investigation revealed no evidence of discrimination based on color/race or retaliation[,]" <u>id.</u>, and "ordered dismissed" and "closed" Plaintiff's complaint on October 30, 2020, <u>id.</u> at 2, 3.

While it appears that under New York State law, Plaintiff's claims may be barred,[6] the Court declines to address the matter at this point because neither party has briefed the Court on

---

[6] Under the NYSHRL: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages, including, in cases of employment discrimination related to private employers . . . punitive damages, and such other remedies as may be appropriate . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . ." N.Y. Exec. Law § 297(9). Courts in this Circuit have found that this provision of the NYSHRL bars a plaintiff's NYSHRL claims in federal court when that plaintiff had previously filed a complaint with the NYSDHR. <u>See</u> <u>Horsham v. Fresh Direct</u>, 136 F. Supp. 3d 253, 268 (E.D.N.Y. 2015) ("Under the NYSHRL, an individual who files a complaint with the NYSDHR is jurisdictionally barred from filing a lawsuit in state or federal court for the same claims." (citing N.Y. Exec. Law § 297(9))); <u>cf.</u> <u>Desardouin v. City of Rochester</u>, 708 F.3d 102, 106 (2d Cir. 2013) ("The District Court properly ruled that [Desardouin's] NYSHRL claim was barred on the basis of election of remedies, in view of N.Y. Exec. Law § 297(9), which, with certain exceptions not applicable

the relationship between New York State law and federal law at issue here. It appears that Plaintiff's EEOC claims are currently in limbo. He claims that, despite the work-sharing agreement between the NYSDHR and EEOC, his complaint was never filed with the EEOC. Pl.'s Resp. to Mots. to Dismiss at 4. Because neither party has adequately briefed the Court, the Court denies without prejudice Palace Defendants' Motion to Dismiss with regard to whether Plaintiff's NYSHRL claims are barred and whether Plaintiff exhausted his administrative remedies with the EEOC. See Fraser v. Fiduciary Tr. Co. Int'l, No. 04-CV-6958, 2005 U.S. Dist. LEXIS 48059, at *31 (S.D.N.Y. June 23, 2005) ("Because the parties have not adequately briefed this issue, Defendants' motion to dismiss portions of Plaintiff's racial discrimination claims is denied (without prejudice).").[7]

### 2. Palace Defendants' 12(b)(5) Defense

Palace Defendants—Palace Performing Arts Center, Inc., the Palace Theatre, O'Donnell, and Fogarty—also argue: "As a threshold matter, plaintiff has failed to properly serve his [Amended] Complaint upon the Palace Defendants, rendering the matter subject to summary dismissal pursuant to Fed.R.Civ.P. 12(b)(5) [sic]." Palace Defs.' Mem. of Law at 7.

Rule 12(b)(5) states that a party may assert by motion the defense of "insufficient service of process[.]" Fed. R. Civ. P. 12(b)(5). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d

---

here, precludes resort to courts after claims have been filed with a local commission on human rights.").

[7] If Palace Defendants seek to bring a renewed motion to dismiss pursuant to Rule 12(b)(1), they should brief the Court on why Plaintiff's claims relating to the NYSDHR and EEOC should be treated separately, despite the work-sharing agreement between the two agencies. In so doing, the Palace Defendants should address possible federalism-related problems.

Cir. 2005)). "In considering a motion to dismiss pursuant to Rule 12(b)(5), the Court may look

beyond the pleadings, including to affidavits and supporting materials, to determine whether

service was proper." <u>Vega v. Hastens Beds, Inc.</u>, 339 F.R.D. 210, 215 (S.D.N.Y. 2021).

Federal Rule of Civil Procedure 4(e) sets forth the requirements for serving an individual

in the United States:

> Unless federal law provides otherwise, an individual—other than a
> minor, an incompetent person, or a person whose waiver has been
> filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought
> in courts of general jurisdiction in the state where the district court
> is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint
>> to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or
>> usual place of abode with someone of suitable age and
>> discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by
>> appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)–(2). Thus, under Rule 4(e)(1) a plaintiff can also serve process on an

individual following the requirements of New York State law under New York Civil Practice

Law & Rules (N.Y. CPLR) § 308. The relevant portions of N.Y. CPLR § 308 state:

> Personal service upon a natural person shall be made by any of the
> following methods:
> 1. by delivering the summons within the state to the person to be
> served; or
> 2. by delivering the summons within the state to a person of suitable
> age and discretion at the actual place of business, dwelling place or
> usual place of abode of the person to be served and by either mailing
> the summons to the person to be served at his or her last known
> residence or by mailing the summons by first class mail to the person
> to be served at his or her actual place of business in an envelope
> bearing the legend 'personal and confidential' and not indicating on
> the outside thereof, by return address or otherwise, that the
> communication is from an attorney or concerns an action against the
> person to be served, such delivery and mailing to be effected within
> twenty days of each other; proof of such service shall be filed with

the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service . . .; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . .;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, . . . ;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

6. For purposes of this section, 'actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

N.Y. CPLR § 308(1)–(6). Federal Rule of Civil Procedure 4(h) sets forth the requirements for

service of process on a corporation, partnership, or association:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic . . . corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

11

Fed. R. Civ. P. 4(h)(1). Thus, Rule 4(e)(1) and Rule 4(h)(1)(A) also permit service on a

corporation under New York State law, specifically N.Y. CPLR § 311, which states:

> (a) Personal service upon a corporation . . . shall be made by
> delivering the summons as follows:
>> 1. upon any domestic . . . corporation, to an officer, director,
>> managing or general agent, or cashier or assistant cashier or
>> to any other agent authorized by appointment or by law to
>> receive service. . . . A not-for-profit corporation may also be
>> served pursuant to section three hundred six . . . of the not-
>> for-profit corporation law . . . .

N.Y. CPLR § 311(a)(1). "Section 306 of the New York Not-For-Profit Corporation Law

provides for service of process on the registered agent of a non-profit corporation or on the New

York Secretary of State." Barnes v. N.Y. State Div. of Human Rights, No. 14-CV-2388, 2014

U.S. Dist. LEXIS 132194, at n.1 (S.D.N.Y. Sept. 19, 2014) (citing N.Y. N-P.C.L. § 306).[8]

In addition to these requirements, service must take place within a specified time frame,

as set out by the Local Rules and the Federal Rules of Civil Procedure. Local Rule 4.1(b) calls

for "service of process upon all defendants within sixty (60) days of the filing of the complaint."

L.R. 4.1(b). However, "the Court has discretion in determining whether service of process should

be effectuated within 60 days of the filing of the complaint, as specified in the Local Rules."

Hamza v. Yandik, No. 19-CV-00447, 2022 U.S. Dist. LEXIS 60483, at *12–13 (N.D.N.Y. Mar.

31, 2022) (Kahn, J.). Federal Rule of Civil Procedure 4(m) states that defendants must be

---

[8] Under N.Y. N-P.C.L. § 306(a), for service on a not-for-profit corporation: "Service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant." N.Y. N-P.C.L. § 306(a). Under N.Y. N-P.C.L. § 306(b), "[s]ervice of process on the secretary of state as agent of a domestic corporation . . . shall be made by personally delivering to and leaving with the [New York] secretary of state or his or her deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee . . . ." N.Y. N-P.C.L. § 306(b).

"served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). But the Court may

extend this time limit "if the plaintiff shows good cause for the failure" in which case "the court

must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Furthermore,

the Court has broad discretion under Rule 4(m), because "Rule 4(m) . . . permits a district court

to enlarge the time for service 'even if there is no good cause shown.'" Henderson v. U.S., 517

U.S. 654, 658 n.5 (1996) (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993

amendment); see also Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold

that district courts have discretion to grant extensions even in the absence of good cause.").

"Thus, the Court has discretion in determining whether service of process should be executed

within 60 days of the filing of the complaint as specified in the Local Rules, or within 90 days of

the filing of the complaint as specified in the [Federal Rules of Civil Procedure]. Moreover, this

Court can extend the time limit for service of process further if a litigant shows good cause, or

even if a litigant does not show good cause." Hamza, 2022 U.S. Dist. LEXIS 60483, at *13–14.

The Court will assess whether service was proper with respect to the Palace Defendants

in turn.

### a.   O'Donnell and Fogarty

Defendants argue that Plaintiff "merely mailed the complaint via the United States Postal

Service . . . ." Palace Defs.' Mem. of Law at 8. Indeed, it appears that Plaintiff sought to effect

service on O'Donnell and Fogarty by mail. Dkt. No. 20; Dkt. No. 21.

"Federal Rule of Civil Procedure 4 does not itself allow for personal service of process

by mail (on either individual or corporate defendants)." Gold Medal Produce Inc. v. Ricosu

Tropical Prods., No. 09-CV-9858, 2010 U.S. Dist. LEXIS 53991, at *2 (S.D.N.Y. 2010). Thus,

Plaintiff's attempt to effect service on O'Donnell and Fogarty by mail was not permitted under

Rule 4(e)(2). <u>See</u> Fed. R. Civ. P. 4(e)(2)(A)–(C). Therefore, the Court must assess whether service was proper under Rule 4(e)(1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1).

The Court turns to N.Y. CPLR § 308 to determine whether Plaintiff properly effected service under Rule 4(e)(1). N.Y. CPLR § 308(1) requires personal service,[9] so service by mail was insufficient. Likewise, there is no indication that O'Donnell or Fogarty were served via agent for service, so N.Y. CPLR § 308(3) is inapplicable. N.Y. CPLR § 308(2) requires personal service by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served[,]" <u>and</u> also requires additional service by mail "by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other . . . ." N.Y. CPLR § 308(2). Nor has Plaintiff demonstrated at this point in time "due diligence" under N.Y. CPLR § 308(4) or that service was "impracticable" under N.Y. CPLR § 308(5). Thus, Plaintiff did not properly serve process on O'Donnell and Fogarty under Rule 4(e)(1) and N.Y. CPLR § 308.

---

[9] The Local Rules require that "[a] private process server shall serve every summons, except as otherwise required by statute or as the Court directs for good cause shown. A private process server is any person authorized to serve process in an action brought in the New York State Supreme Court or in the court of general jurisdiction of the State in which service is made." L.R. 5.1(d).

For these reasons, the Palace Defendants' Motion to Dismiss pursuant to 12(b)(5) with regard to O'Donnell and Fogarty is granted.[10] Plaintiff's Amended Complaint is <u>conditionally</u> dismissed without prejudice as to O'Donnell and Fogarty.[11]

<u>b.   Palace Performing Arts Center, Inc., and the Palace Theatre</u>

On July 27, 2021, Palace Performing Arts Center, Inc., and the Palace Theatre filed a statement pursuant to Federal Rule of Civil Procedure 7.1 indicating that "Defendants have no parent companies, and no publicly held corporation owns 10% or more of defendants' stock." Dkt. No. 36 at 1. Rule 7.1 specifically governs "[a] nongovernmental corporate party . . . ." Fed. R. Civ. P. 7.1(a). Based on this filing, it was unclear whether the Palace Performing Arts Center, Inc., and the Palace Theatre were a single corporation or two different entities. Another filing by

---

[10] Because the Court has dismissed Plaintiff's claims against O'Donnell and Fogarty, the Court declines to address Palace Defendants' Rule 12(b)(6) defense, which is moot at this time.

[11] This dismissal is conditional because, in the interest of justice, the Court exercises its discretion and grants pro se Plaintiff a thirty (30) day deadline from the issuance of this Memorandum-Decision and Order to properly effect service on O'Donnell and Fogarty under Rule 4. "A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation [. . .] ." <u>Case v. Clivilles</u>, No. 12-CV-8122, 2016 U.S. Dist. LEXIS 138129, at *9 (S.D.N.Y. Oct. 4, 2016) (quoting <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 96 (2d Cir. 1993)). It appears that Plaintiff believed that to serve process "plaintiff needs to serve the defendant in the state in which the court sits, and the defendant needs to voluntarily appear in court" and that when "ALL of [t]he Defendants' Representative(s)—on behalf of [t]he Defendants' and [t]he Defendants' capacities—appeared before this Honorable Court per being serviced with Pro Se[] Plaintiff Ivey, Jr.['s] court-filed paperwork for this specific case" this was sufficient to demonstrate service of process. Pl.'s Resp. to Mots. to Dismiss at 10 (emphasis omitted). Plaintiff's assumption was mistaken. However, "in view of this Circuit's clearly expressed preference that litigation disputes be resolved on the merits[,]" <u>Mejia v. Castle Hotel</u>, 164 F.R.D. 343, 346 (S.D.N.Y. 1996), and "particularly mindful of [the Court's] obligation to show greater leniency to pro se plaintiffs than to those represented by counsel[,]" <u>Shider v. Commc'ns Workers, Local 1105</u>, No. 95-CV-4908, 1997 U.S. Dist. LEXIS 12136, at *18 (S.D.N.Y. Aug. 14, 1997), the Court grants Plaintiff this thirty (30) day extension to properly effect service of process on O'Donnell and Fogarty. However, the Court reminds Plaintiff that failure to serve process within thirty (30) days from the date of the issuance of this Memorandum-Decision and Order will result in the final dismissal of his claims as to O'Donnell and Fogarty.

Palace Defendants also held out Palace Performing Arts Center, Inc., and the Palace Theatre as some form of corporate entity for the purposes of service of process: "Here, plaintiff merely mailed the complaint via the United States Postal Service ('USPS') to the corporate address for Palace Defendants . . . ." Palace Defs.' Mem. of Law at 8.

A search of the New York State Department of State, Division of Corporations Corporation and Business Entity Database indicates there is an entity called "THE PALACE PERFORMING ARTS CENTER, INC." which is a New York not-for-profit corporation. See New York State Department of State, Division of Corporations Corporation and Business Entity Database, https://apps.dos.ny.gov/publicInquiry/#search (last visited September 26, 2022). It also appears that "THE*PALACE [sic] THEATRE" is an assumed name for Palace Performing Arts Center, Inc. Id.

Plaintiff sought to effect service on Palace Performing Arts Center, Inc., and the Palace Theatre by mail. Dkt. No. 25; Dkt. No. 26. However, Federal Rule of Civil Procedure 4(h)(1)(B) requires serving a corporation by effecting personal service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" and "by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Because Plaintiff did not effectuate service through personal service, his attempt was not valid under Rule 4(h)(1)(B). See Cole v. Travelers Ins. Co., No. 98-CV-2480, 2000 U.S. Dist. LEXIS 22211, at *4 (D. Conn. Mar. 14, 2000) ("Notwithstanding his attempt to serve the defendants via certified mail, the plaintiff's failure to serve the defendants' officers or agents personally . . . was fatal to the plaintiff's attempted service pursuant to Rule 4(h).").

Thus, the Court turns to Rule 4(h)(1)(A), which permits service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual . . . ." Fed. R. Civ. P. 4(h)(1)(A). As

noted above, Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). New York State law permits "[p]ersonal service upon a corporation" by "delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service . . . ." N.Y. CPLR § 311(a)(1). As noted above, Plaintiff did not personally serve process, and so his attempt to serve process on the corporation was not valid under this provision of N.Y. CPLR § 311(a)(1).

However, N.Y. CPLR § 311(a)(1) also allows for service on a not-for-profit corporation pursuant to N.Y. N-P.C.L. § 306. See N.Y. CPLR § 311(a)(1). Under N.Y. N-P.C.L. § 306(b), service of process may be effected "by personally delivering to and leaving with the secretary of state or his or her deputy, or with any person authorized by the [New York] secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee . . . ." N.Y. N-P.C.L. § 306(b). Based on Plaintiff's submissions, he did not personally serve the New York Secretary of State. Dkt. No. 25; Dkt. No. 26. Therefore, he did not meet the service requirement under N.Y. N-P.C.L. § 306(b).

Finally, Plaintiff could also have served process on a not-for-profit corporation pursuant to N.Y. N-P.C.L. § 306(a), which allows for "[s]ervice of process on a registered agent . . . made in the manner provided by law for the service of a summons, as if the registered agent was a defendant." N.Y. N-P.C.L. § 306(a). This means Plaintiff could serve a registered agent of the not-for-profit corporation in a manner permitted under N.Y. CPLR § 308. However, as discussed above, N.Y. CPLR § 308(1) requires personal service, so service by mail was insufficient.

17

Similarly, there is no indication that service was properly effected pursuant to N.Y. CPLR § 308(3). Nor was Plaintiff's service proper under N.Y. CPLR § 308(2) because he failed to "deliver[] the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served[,]" N.Y. CPLR § 308(2), in addition to service by mail in the manner prescribed by N.Y. CPLR § 308(2). And Plaintiff has not shown "due diligence" under N.Y. CPLR § 308(4) or that service was "impracticable" under N.Y. CPLR § 308(5). Thus, Plaintiff did not properly serve process on Palace Performing Arts Center, Inc., and the Palace Theatre when he sought to effect service by mail.

For these reasons, the Palace Defendants' Motion to Dismiss pursuant to 12(b)(5) with regard to Palace Performing Arts Center, Inc., and the Palace Theatre is granted.[12] Plaintiff's Amended Complaint is <u>conditionally</u> dismissed without prejudice as to Palace Performing Arts Center, Inc., and the Palace Theatre.[13]

## V.    CONCLUSION

Accordingly, it is hereby:

---

[12] Again, because the Court has dismissed Plaintiff's claims against Palace Performing Arts Center, Inc., and the Palace Theatre, the Court will not address Palace Defendants' Rule 12(b)(6) defense, which is moot at this time.

[13] For the same reasons discussed above in the Court's analysis of Palace Defendants' Motion to Dismiss pursuant to 12(b)(5) with respect to O'Donnell and Forgarty, dismissal as to Palace Performing Arts Center, Inc., and the Palace Theatre is conditional because, in light of Plaintiff's pro se status, the Court exercises its discretion in the interest of justice and grants Plaintiff a thirty (30) day deadline from the issuance of this Memorandum-Decision and Order to properly effect service on Palace Performing Arts Center, Inc., and the Palace Theatre under Rule 4. <u>See</u> <u>Case</u>, 2016 U.S. Dist. LEXIS 138129, at *9. Failure to serve process within thirty (30) days from the date of the issuance of this Memorandum-Decision and Order will result in the final dismissal of Plaintiff's claims as to Palace Performing Arts Center, Inc., and the Palace Theatre.

**ORDERED**, that the NYSDHR and DeAmalia's Motion to Dismiss (Dkt. No. 46) is **DENIED without prejudice** for failure to comply with the Local Rules; and it is further

**ORDERED**, that the City of Albany's Motion for Judgment on the Pleadings (Dkt. No. 50) is **DENIED without prejudice** for failure to comply with the Local Rules; and it is further

**ORDERED**, that Palace Performing Arts Center, Inc., the Palace Theatre, Fogarty, and O'Donnell's Motion to Dismiss pursuant to Rule 12(b)(5) (Dkt. No. 47) is **GRANTED in part** as to Palace Performing Arts Center, Inc., the Palace Theatre, Fogarty, and O'Donnell for Plaintiff's failure to serve process, and is **DENIED without prejudice in part** as to all other defenses; and it is further

**ORDERED**, that Plaintiff's claims against Palace Performing Arts Center, Inc., the Palace Theatre, Fogarty, and O'Donnell, are **conditionally DISMISSED without prejudice** for failure to serve process; and it is further

**ORDERED**, that Plaintiff is **GRANTED** a **thirty (30) day** extension from the issuance of this Memorandum-Decision and Order to properly effect service under Fed. R. Civ. P. 4 on Palace Performing Arts Center, Inc., the Palace Theatre, Fogarty, and O'Donnell. Plaintiff's failure to serve process by the end of this deadline will result in the final dismissal of Plaintiff's claims as to Palace Performing Arts Center, Inc., the Palace Theatre, Fogarty, and O'Donnell; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 29, 2022
            Albany, New York

LAWRENCE E. KAHN
United States District Judge