UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOE L. IVEY, JR.,

                      Plaintiff,

   -against-                                      1:21-CV-0684 (LEK/CFH)

CITY OF ALBANY, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On June 11, 2021, pro se Plaintiff Joe L. Ivey, Jr., commenced this civil rights action. Dkt. No. 1 ("Complaint"). On July 2, 2021, Plaintiff filed an amended complaint. Dkt. No. 13 ("Amended Complaint"). Plaintiff brings several claims against the City of Albany. Id. at 1.

Now before the Court is Defendant's motion for judgment on the pleadings. Dkt. No. 61 ("Motion"). For the reasons that follow, the Court grants Defendant's Motion.

**II.    BACKGROUND**

    **A.  Factual Allegations**

Plaintiff's factual allegations are detailed in this Court's previous Memorandum-Decision and Order, Dkt. No. 60, familiarity with which is assumed.

    **B.  Procedural History**

Defendant brought an initial motion for judgment on the pleadings on October 27, 2021. Dkt. No. 50 ("First Motion"). Plaintiff filed a response to the First Motion. Dkt. No. 55 ("Response to First Motion"). In its Memorandum-Decision and Order dated September 29, 2022, the Court dismissed without prejudice Defendant's First Motion on the grounds that

Defendant provided no evidence that it complied with Local Rule 7.1(b)(1). See Dkt. No. 60 at 5. That rule states that, "[w]hen serving a pro se litigant with a memorandum of law or any other paper which contains citations to authorities that are unpublished or published exclusively on electronic databases, counsel shall include a hard copy of those authorities." L.R. 7.1(b)(1).

Defendant's Motion makes an identical argument to its First Motion, but now provides evidence of compliance with Local Rule 7.1(b)(1). See generally Mot.

### III.     LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed R. Civ. P. 12(c).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020) (cleaned up).

> To survive a Rule 12(c) motion, the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal conduct. In making this assessment, we draw all reasonable inferences in the plaintiff's favor.

Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 301 (2d Cir. 2021) (cleaned up).

"Judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial. Thus, where a question of fact is in dispute, it is improper for the district court to answer it on a motion for dismissal on the pleadings." Id. (cleaned up).

## IV.    DISCUSSION

To successfully plead a Title VII discrimination claim, Plaintiff must show that an employer-employee relationship existed between himself and Defendant. See Gulino v. New York State Educ. Dep't, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of Title VII claims."). "In determining whether or not a party is an employer for purposes of liability under Title VII, courts consider: whether the party had authority to hire or fire the plaintiff, supervise her work or conditions of employment, determine her rate or method of pay, or maintain records of her employment." Morales v. NYS Dep't of Lab., 865 F. Supp. 2d 220, 255 (N.D.N.Y. 2012), aff'd sub nom. Morales v. New York State Dep't of Lab., Div. of Emp. Servs., 530 F. App'x 13 (2d Cir. 2013) (quotations and citation omitted).

Defendant argues that it should be dismissed from this action because it is not a proper defendant. See generally Mot. Defendant notes that Plaintiff's claims are based on Plaintiff's employment with the Palace Theater. Id. at 1. Yet at the time of the events alleged by Plaintiff, Defendant "did not own, operate or manage the Palace Theater." Id. In fact, Defendant "sold the Palace Theater to The Palace Performing Arts Center, Inc. in December, 2017, nearly two years before the alleged incidents giving rise to this lawsuit." Id. at 2. Plaintiff was thus not employed by Defendant, and Defendant played no role in "any employment decision related to [] Plaintiff." Id. at 1–2.

Plaintiff counters that Defendant is indeed responsible for Plaintiff's employment decision. Resp. to First Mot. at 9.[1] Plaintiff cites a number of articles from the date range of

---

[1] The Court notes that Plaintiff did not file a response to the Motion. However, considering Plaintiff filed a response to Defendant's First Motion, and Defendant's First Motion is identical to the instant Motion, the Court will rely on Plaintiff's Response to the First Motion.

3

August 2016 to January 2018 that focus on Defendant's sale of the Palace Theater. Id. at 8–10. These articles highlight controversy regarding the sale, such as the inability to secure enough votes for the sale and a potential conflict of interest involving the city's mayor. Id. Another article states that the "mayor was very supportive" of the new management of the Palace Theater after Defendant had sold the theater. Id. at 9. Plaintiff argues that from these news articles, "it appears that Defendant City of Albany does have authority and duty of care regarding [Plaintiff's] employment." Id.

Plaintiff's argument is unpersuasive. Plaintiff has failed to show that Defendant was an "employer" as defined under Title VII, as Plaintiff has not shown that Defendant "had authority to hire or fire the plaintiff, supervise [Plaintiff's] work or conditions of employment, determine [Plaintiff's] rate or method of pay, or maintain records of [Plaintiff's] employment." Morales, 865 F. Supp. 2d at 255. Instead, there appears to be no connection between Plaintiff and Defendant. While Defendant at one point owned the Palace Theater, that ownership ended nearly two years prior to the events of this case. See Mot. at 1.

Additionally, the news articles Plaintiff cites have no relevance to this case. The articles do not indicate that Defendant still maintains control over the Palace Theater, or that Defendant plays any role in the theater's employment decisions. Id. at 8–10. Furthermore, the supposed controversies embroiling the 2017 sale provide no indication that Defendant had a role in the 2019 firing of Plaintiff. Finally, the fact that the mayor was "supportive" of the Palace Theater's new management does not hint at any sort of involvement by Defendant in the theater's employment decisions. Thus, because there is nothing to suggest that Defendant played any role in this firing, there is no "reasonable expectation that discovery will reveal evidence of illegal conduct" on the part of Defendant. Lively, 6 F.4th at 301.

The Court therefore finds that because Defendant does not have any connection to this case, Defendant is not a proper defendant.

## V.      CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the City of Albany's Motion for Judgment on the Pleadings (Dkt. No. 61) is **GRANTED**; and it is further

**ORDERED**, that the City is Albany is dismissed as a party from this case and that the Clerk **TERMINATE** the City of Albany from the Docket; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      July 18, 2023
            Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge