UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOE L. IVEY, JR.,

                Plaintiff,

  -against-                                          1:21-CV-0684 (LEK/CFH)

CITY OF ALBANY, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On June 11, 2021, pro se Plaintiff Joe L. Ivey, Jr., commenced this civil action in this Court. Dkt. No. 1. On July 2, 2021, Plaintiff filed an amended complaint. Dkt. No. 13 ("Amended Complaint"). Plaintiff brings an abuse of process claim against the New York State Division of Human Rights ("NYSDHR") and Victor P. DeAmelia ("DeAmelia") (collectively, "Defendants"). Id. at 1. Plaintiff also raises claims related to 42 U.S.C. § 1983 ("Section 1983"), see id., although it is not clear whether that is the basis for his abuse of process claim against Defendants, see id. at 4–5.

In response, Defendants filed a motion to dismiss for (1) failure to state a claim pursuant to Rule 12(b)(6) and (2) insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Dkt. No. 46 ("Motion to Dismiss" or "MTD"). Plaintiff filed a response addressing Defendants' Motion to Dismiss. Dkt. No. 49 ("Response").

Now before the Court is Defendants' motion for reconsideration, Dkt. No. 64 ("Motion for Reconsideration"), of the Court's Memorandum-Decision and Order, Dkt. No. 60

1

("September MDO"), denying Defendants' Motion to Dismiss. For the reasons that follow, the Court grants Defendants' Motion for Reconsideration and grants Defendants' Motion to Dismiss.

## II. BACKGROUND

### A. Factual Allegations

Plaintiff's factual allegations are detailed in this Court's previous September MDO, familiarity with which is assumed.

### B. Procedural History

Defendants filed their Motion to Dismiss on September 30, 2021, and made two arguments: (1) that Plaintiff's abuse of process claim fails to state a claim upon which relief can be granted; and (2) that Plaintiff failed to effect proper service on Defendants. See generally MTD. The Court denied Defendants' request on the grounds that Defendants did not comply with local rules. Sept. MDO at 4–5. Specifically, the Court reasoned:

> Local Rule 7.1(b)(1) states: "When serving a *pro se* litigant with a memorandum of law or any other paper which contains citations to authorities that are unpublished or published exclusively on electronic databases, counsel shall include a hard copy of those authorities." L.R. 7.1(b)(1) (emphasis in original). NYSDHR and DeAmalia both include numerous citations to unpublished cases throughout portions of their Memorandum of Law in the NYSDHR and DeAmelia Motion to Dismiss. Because nothing in the NYSDHR and DeAmelia Motion to Dismiss indicates that the NYSDHR and DeAmalia included hard copies of the unpublished cases cited in their Motion, as explicitly required by Local Rule 7.1(b)(1), the Court denies without prejudice the NYSDHR and DeAmelia Motion to Dismiss for failure to comply with the Local Rules.

Id. (citation omitted).

## III. LEGAL STANDARD

### A. Motion for Reconsideration

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it

becomes necessary to remedy a clear error of law or to prevent manifest injustice." Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for granting such a motion is strict," and it "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

    B. Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleading facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

Because Plaintiff is pro se, the Court is required to "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "But the liberal treatment afforded to pro se litigants does not exempt a pro se party 'from compliance with relevant rules of procedural and substantive law.'" Bell v. Jendell, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quoting Maisonet v. Metro. Hosp. & Health Hosp. Corp., 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)).

## IV. DISCUSSION

### A. Reconsideration of Prior Decision

Defendants contend that the Court should reconsider its prior decision to deny Defendants' Motion to Dismiss because such a reconsideration is necessary "to correct a clear error of law or prevent manifest injustice." Mot. for Recons. at 3. According to Defendants, an omission in their briefing caused the Court to be unaware of certain relevant facts. Defendants state:

> As is set forth in the accompanying Declaration of Chris Liberati-Conant, the attorney who prepared and filed the Division Defendants' motion to dismiss, "I caused to be served on pro se Plaintiff Joe I. Ivey, Jr., a copy of all papers filed in support of the motion, including the memorandum of law and an appendix of unpublished and unreported cases. I filed a declaration of service of

4

>the motion papers, but that declaration fails to specify that Plaintiff was served with a copy of unreported and unpublished cases."

Id. (citing Dkt. No. 46-3, Decl. of Chris Liberati-Conant). To support its contention, Defendants provide "file copies of the motion papers which were mailed to Plaintiff . . . which includes the appendix of unpublished and unreported cases served upon Plaintiff." Id.; see also Dkt. No. 64-2.

In essence, Defendants contend that they did in fact comply with Local Rule 7.1(b)(1), and that they should not be penalized for failing to notify the Court of this compliance. The Court recognizes that Local Rule 7.1(b)(1) does not explicitly require a litigant to notify the Court that it provided a pro se opposing party with unpublished cases. Therefore, because Defendants have provided sufficient evidence that they did in fact comply with the local rules, and because that Local Rule 7.1(b)(1) does not expressly require litigants to notify the Court of their compliance, the Court finds reconsideration necessary "to prevent manifest injustice" and therefore grants Defendants' Motion for Reconsideration.[1] Delaney, 899 F. Supp. at 925.

### B. Merits of Defendants' Motion to Dismiss

Plaintiff only asserts a state law abuse of process claim against Defendants.[2] See generally Am. Compl. Defendants move to dismiss the sole claim asserted against them on two grounds: (1) failure to state a claim against Defendants pursuant to Fed. R. Civ. P. 12(b)(6); and (2) deficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). See generally MTD.

---

[1] In his response to Defendant's Motion for Reconsideration, Plaintiff asserts that he did not receive the unpublished cases. Dkt. No. 78 at 4. However, Defendants have provided enough evidence that they complied with Local Rule 7.1(b)(1) to persuade the Court that "manifest injustice" would occur if the Court denied their Motion to Dismiss on that basis.

[2] The Court notes that in its September MDO, the Court also identified that Plaintiff asserted civil rights claims under Section 1983, a conspiracy claim based on 42 U.S.C. § 1985(c), and a neglect to prevent conspiracy 42 U.S.C. § 1986. Sept. MDO at 3–4. Upon review, the Court admits it was in error to identify these additional claims. The sole claim against Defendants is the abuse of process claim.

Plaintiff has made a claim of abuse of process that is predicated on Plaintiff's assertion that Defendants failed to "dual file" Plaintiff's complaint with the federal Equal Employment Opportunity Commission (EEOC). Id. at 3; see also Am. Compl. at 4–5. Defendants contend that failure to "dual file" a complaint is not a colorable claim under either state or federal law. MTD at 3–4. Further, Defendants argue that Plaintiff has made no specific allegation against Defendant DeAmelia, and thus all claims should be dismissed against DeAmelia. Id. at 5.

To the extent that Plaintiff brings his "abuse of process" claim pursuant to Section 1983, he has failed to state a claim upon which relief can be granted. "To bring a [Section] 1983 action, 'a plaintiff must assert the violation of a federal right.'" King v. Town of Hempstead, 161 F.3d 112, 114 (2d Cir. 1998) (emphasis omitted) (quoting Blessing v. Freestone, 520 U.S. 329, 340 (1997)). The Court has not located any case law suggesting that private citizens have a federally protected interest in ensuring that a state agency conforms to a workshare agreement the state agency has with a federal agency. Furthermore, courts in this Circuit have repeatedly found that a state agency's failure to abide by its own procedures does not, alone, infringe any federally protected right. See, e.g., Shabazz v. Bezio, 669 Fed. App'x. 592, 593 (2d Cir. 2016) ("[A] violation of *state* procedural law does not necessarily mean that the *federal* due process clause has been violated."); Sealed v. Sealed, 332 F.3d 51, 57 n.5 (2d Cir. 2003) ("[E]levating a state-mandated procedure to the status of a constitutionally protected liberty or property interest would make process an end in itself rather than a requirement whose constitutional purpose is to protect a substantive interest in which the individual has a claim of entitlement." (cleaned up)), certified question answered sub nom. Teresa T. v. Ragaglia, 865 A.2d 428 (Conn. 2005); Sanders v. Gifford, No. 11-CV-0326, 2014 WL 5662775, at *4 (N.D.N.Y. Nov. 4, 2014) (Kahn, J.) ("However, even assuming that Defendant Graham deviated from state procedures or DOCCS

6

Directives, a violation of such rules and regulations does not, standing alone, give rise to liability under § 1983.").

Courts in this Circuit have also found that alleged failures to follow state law do not, alone, give rise to cognizable claims under Section 1983. Fitzgerald v. Field, No. 99-CV-2991, 1999 WL 1095480, at *1 n.2 (S.D.N.Y. Dec. 3, 1999) ("Plaintiff's complaint, in so far as he alleges violations of state rules and regulations, is not actionable under § 1983 and is dismissed."); Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 472 (S.D.N.Y. 1998) ("[P]laintiff's claim that defendants violated state regulations . . . fails because plaintiff does not allege a violation of a right protected by the United States Constitution or federal statute. An individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States." (quotation marks omitted)). Nor does Plaintiff sufficiently allege that the workshare agreement "create[d] a property or liberty interest from which one may not be deprived without due process of law." Smith v. O'Connor, 901 F. Supp. 644, 648 (S.D.N.Y. 1995).

To the extent that Plaintiff alleges that Defendants committed "abuse of process" under *state law*, the Court lacks subject matter jurisdiction over those claims. Plaintiff has not identified any federal cause of action for "abuse of process;" therefore, there is no federal question jurisdiction. Nor is there diversity jurisdiction in this case, and the Court declines to exercise supplemental jurisdiction. Plaintiff's abuse of process claims against Defendants must thus be dismissed. The Court expresses no view as to the merits of Plaintiff's claims under state law.

Because failure to dual file a discrimination complaint does not constitute a federally cognizable harm under these circumstances, any further attempts to prosecute this case against

7

Defendants would be futile. The Court therefore dismisses the Amended Complaint against Defendants with prejudice. See Nwaokocha v. Sadowski, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court [] has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources."). Finally, because NYSDHR and DeAmalia are the only remaining defendants in this suit, the Court terminates this case.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the NYSDHR and DeAmalia's Motion for Reconsideration (Dkt. No. 64) is **GRANTED**; and it is further

**ORDERED**, that the NYSDHR and DeAmalia's Motion to Dismiss (Dkt. No. 46) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 13) is **DISMISSED with prejudice** as to NYSDHR and DeAmalia; and it is further

**ORDERED**, that the Clerk **TERMINATE** this case; and it is further;

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    August 2, 2023
          Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge